```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :   Chapter 15
In re:                                                     :
                                                           :   Case No. 21-_____ (___)
BANCO NACIONAL S.A.                                        :
                                                           :
          Debtor in a                                      :
          Foreign Proceeding.                              :
                                                           :
-----------------------------------------------------------x
```

## DECLARATION OF WARREN E. GLUCK
## IN SUPPORT OF THE CHAPTER 15 PETITION OF BANCO NACIONAL S.A.
## FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDING

I, Warren E. Gluck, declare as follows:

1. I am an attorney at Holland & Knight LLP, counsel for Reginaldo Brandt, the duly appointed liquidator and foreign representative (the "**Liquidator**") of the extra judicial liquidation of Banco Nacional S.A. ("**Nacional**"), a Brazilian liquidation (the "**Brazilian Liquidation**") under the supervision of the Central Bank of Brazil, pursuant to BACEN Presidential Acts No. 584/96 and No. 1059/2004, adopted pursuant to articles 1, 15, 16, and 51 of Federal Law 6024/74 and article 11 of Decree law no. 2321.

2. I am duly admitted to practice before the United States District Court for the Southern District of New York and the United States Bankruptcy Court for the Southern District of New York.

3. I have personal knowledge of the facts set forth below and respectfully submit this declaration in support of the Liquidator's Official Form Petition and Verified Petition (the "**Petition**"), requesting entry of an order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**").

4.      Specifically, I submit this declaration to provide the Court with information concerning: (1) the property of Nacional that is located within the United States, in satisfaction of 11 U.S.C. § 109(a) of the Bankruptcy Code; and (2) the Liquidator's request for an order authorizing discovery pursuant to 11 U.S.C. § 1521(a)(4) for production of United States dollar-denominated and foreign currency wire and fund transfers, account statements, and other financial documents maintained by correspondent or intermediary banks (collectively, the "**New York Banks**") located in the Southern District of New York (the "**District**") involving Nacional and other entities that would be pertinent to the Brazilian Liquidation, as discussed further below.

**I.      Nacional Holds Property in the United States**

5.      On or about July 1, 2021, the Liquidator paid Holland & Knight a retainer of $10,000.00 from the funds of Nacional (the "**Retainer**") to an Interest on Lawyer Trust Account (IOLTA) held in the name of Holland & Knight.

6.      No portion of the Retainer has been applied. In addition, it was specifically agreed that the Retainer is to be considered segregated and not subject to any fees to ensure compliance with 11 U.S.C. § 109(a), and shall remain through this period.

**II.     Discovery from the New York Banks is Routine and will Assist the Liquidator**

7.      A basic explanation of the production by the New York Banks of wire transfers and other documents from the United States dollar-denominated fund-transfer system is as follows.

8.      The New York Banks doing business in this District from which discovery is sought in the Petition are: (i) The Bank of New York Mellon; (ii) Société Générale; (iii) HSBC Bank USA, N.A.; (iv) BNP Paribas USA N.A.; (v) JPMorgan Chase Bank N.A.; (vi) Deutsche Bank Trust Co. Americas; (vii) UBS AG; (viii) Bank of America, N.A.; (ix) Standard Chartered Bank;

2

(x) The Bank of China; (xi) Commerzbank AG; (xii) Citibank N.A.; and (xiii) Wells Fargo Bank N.A.

9. To the best of my knowledge, information, and belief, and based on my experience in obtaining bank account, loan, and United States dollar-denominated, and in some cases foreign currency-denominated, wire transfer records in numerous cases, the New York Banks act as correspondent or intermediary banks for United States dollar-denominated and often foreign currency-denominated wire transfers passing from domestic banks to international banks, and vice versa.

10. Most of the New York Banks are participants in the Clearing House Interbank Payments System ("**CHIPS**"), which is the largest private sector United States Dollar-denominated fund transfer in the world, or a major participant in the clearing of international United States Dollar-denominated wire transfers. According to the Federal Reserve Bank of New York, the average daily value of CHIPS transactions is $1.2 trillion.[1]

11. The New York Banks keep electronic records of United States dollar-denominated fund transfers, and some foreign currency transactions, and are thus able to easily search and produce these records. In fact, they have done so in response to hundreds of subpoenas I have executed in connection with numerous domestic civil litigations, 28 U.S.C. § 1782 requests for discovery in foreign country proceedings, and Chapter 15 petitions. Importantly, no such New York Bank has objected to the discovery sought and no objection is contemplated here.

12. In this case, records produced by the New York Banks will provide insight into the events that directly precipitated the Brazilian Liquidation.

---

[1] *See* Federal Reserve Bank of New York, Clearing House Interbank Payments System, *available at*: https://www.newyorkfed.org/aboutthefed/fedpoint/fed36.html (last visited September 1, 2021).

3

13. For example, and as discussed in further detail in the Petition, the New York Banks potentially hold records concerning the fraudulent concealment of nearly of Brazilian Real $3.7 billion in Nacional's uncollateralized loans that faced a near certainty of default. As noted above, certain of the New York Banks process wire transfers in currencies other than the United States, and these records could allow the Liquidator to assess the parties' facilitating the concealment of the loans through diversion of principal and interest payments.

14. Moreover, wire transfers records held by the New York Banks could constitute the most critical supporting evidence in the Liquidator's efforts to unwind and recover the misappropriation of Nacional's assets by its later-indicted executives, including a clandestine scheme to divert Nacional customer deposits to Nacional's Paraguayan subsidiary by misclassifying the type of account utilized the facilitate the transfer. Likewise, the New York Banks could have records evidencing another misappropriation of real estate proceeds by guarantors of an unpaid debt that are potentially property of the Nacional estate.

15. In addition, the New York Banks could possess records evidencing the beneficiaries of Nacional's late stage, risky lending strategy that served as the primary cause for Nacional's collapse and pending liquidation.

16. Finally, the New York Banks could hold records allowing the Liquidator to forensically analyze the asset profiles of United States-based individuals against whom Nacional holds two unpaid judgments in Brazil, which are considered a primary source of recovery for Nacional's creditors.

17. Ultimately, the evidence sought in this request for discovery under 11 U.S.C. § 1521(a)(4) will be instrumental and serve the following purposes, all of which are directly germane and in support of the Brazilian Liquidation, and its goal of:

(i) evaluating the transfers of funds executed in conjunction with the concealment of Nacional's toxic loans, and other assets on its balance sheet'

(ii) determining the flow of funds from Nacional during its liquidity crisis, including the siphoning off of assets to Interbanco;

(iii) ascertaining the methods through which Nacional's executives misappropriated customer deposits;

(iv) tracing the dissipation of sale proceeds owed to Nacional by guarantors of unpaid, defaulted loans;

(v) analyzing the asset profiles of judgment debtors of Nacional, including in Brazil and potentially elsewhere;

(vi) guiding where and with what entities or individuals to conduct further investigation;

(vii) providing status updates to creditors, including an update on additional avenues of recovery;

(viii) supporting allegations to add defendants in subsequent proceedings in Brazil and elsewhere; and

(ix) locating Nacional's bank accounts, assets and relevant counterparties.

18. Finally, attached to this Declaration are Chapter 15 recognition orders of this Court authorizing discovery, including intermediary bank discovery, for use in proceedings in Brazil and elsewhere.

19. Attached hereto as **Exhibit A** is an order authorizing discovery and related relief in support of a Chapter 15 foreign proceeding in Brazil in the matter of *In re Porção Licenciamentos e Participacóes and Brasil Service Food Manager*, No. 19-12191-smb (Bankr. S.D.N.Y. 2019).

20. Attached hereto as **Exhibit B** is an order authorizing discovery and related relief in support of a Chapter 15 foreign proceeding in Brazil in the matter of *In re Oi S.A.*, No. 16-11791 (SHL) (Bankr. S.D.N.Y. 2016).

21. Attached hereto as **Exhibit C** is the order authorizing discovery and related relief in a similar proceeding pursuant to Chapter 15 in the matter of *In re Frontera Resources Caucasus Corp.*, No. 19-13418 (MEW) (Bankr. S.D.N.Y. 2019).

22. Attached hereto as **Exhibit D** is the order authorizing intermediary bank discovery and related relief in a similar proceeding pursuant to Chapter 15 in the matter of *In re Archetype Investment Fund SPC Ltd.*, No. 19-11996-shl (Bankr. S.D.N.Y. 2019).

23. Attached hereto as **Exhibit E** is the order authorizing intermediary bank discovery and related relief in a similar proceeding pursuant to Chapter 15 in the matter of *In re Pinnacle Global Partners Fund I Ltd.*, No. 19-11573 (mkv) (Bankr. S.D.N.Y. 2019).

24. Attached hereto as **Exhibit F** is the order authorizing intermediary bank discovery and related relief in a similar proceeding pursuant to Chapter 15 in the matter of *In re Platinum Partners Value Arbitrage Fund LP*, No. 16-12925 (SCC) (Bankr. S.D.N.Y. 2016).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       September 9, 2021

                                                                   /s/ Warren E. Gluck
                                                                         Warren E. Gluck, Esq.

#75165065_v2